[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR RECONSIDERATION AND/OR ARTICULATION
FACTS
On November 17, 1998, twenty-eight-year-old Bryant Wiseman, the plaintiff's decedent (hereinafter also "Bryant") died while incarcerated at the Garner Correctional Institution of the State of Connecticut. Bryant was mentally ill, and at the time of his death he had been diagnosed as suffering from paranoid schizophrenia. It is alleged by the plaintiff, inter alia, that the Department of Correction's doctors, nurses and other medical workers failed to provide adequate and proper medical care, supervision and medication to him, allowed his mental illness to go untreated and inadequately treated, and they permitted him to become paranoid and aggressive under circumstances that they knew would lead to violent confrontations with other inmates and correctional staff. He was violently subdued and restrained by correctional officers which, it is alleged, led to Bryant's death. Also included as defendants are John J. Armstrong, the Commissioner of Correction at the time and Jack Tokarz, Deputy Commissioner of Correction. Defendants moved to dismiss the Fourth, Fifth, Ninth, Tenth and Eleventh Counts of plaintiff's complaint.
By Memorandum of Decision dated February 25, 2003, this Court dismissed Count Four but denied the Motion to Dismiss the Fifth, Ninth, Tenth and Eleventh Counts.
Defendants then made a Motion for Reconsideration and/or Articulation dated March 11, 2003 for the Court to reconsider its decision denying the Defendants' Motion to Dismiss Counts Nine, Ten and Eleven which involve the Patients' Bill of Rights. Plaintiff responded with a memorandum. Defendants then responded with a reply memorandum, and plaintiff responded with her reply memorandum. The gravamen of defendants' motion is that subsequent to the Court's decision, the Connecticut Supreme Court CT Page 4360 issued its decision on March 11, 2003 in the case of State v.Courchesne, 262 Conn. 537 (March 2003). Defendants claim that underCourchesne, the Supreme Court did away with the plain meaning rule of statutory construction and expanded it to include other considerations hereinafter mentioned.
 FINDINGS
The Court, after reviewing the Courchesne decision and the memoranda of the parties and the cases they have cited finds the following:
1. The only reference this Court could find in the Connecticut Practice Book in regard to the defendants' motion is CPB § 11-12 "Motion to Reargue." Under Section (c) it is provided that "The motion to reargue shall be considered by the judge who rendered the decision or order. Such judge shall decide, without a hearing, whether the motion to reargue should be granted." (Emphasis added.) Accordingly, this Court is prepared to render its decision without a hearing.
2. As for the Motion to Dismiss, this Court made its decision as of February 25, 2003. The Courchesne case was decided on March 11, 2003. The decision was to change a rule of statutory construction, and, therefore, is to apply to future cases. There was no indication that the decision is retroactive. It also refers to applying to pending cases, but as to the Motion to Dismiss, that was no longer pending in that a decision had been rendered. Therefore, since the rule is effective as of March 11, 2003, and this Court decided the Motion to Dismiss on February 25, 2003,Courchesne is not applicable to this Motion to Dismiss.
3. However, assuming arguendo, that Courchesne, and the rule stated therein, is applicable to this case, the Court has analyzed the ruling inCourchesne as it applies to the case at bar.
4. The Court in Courchesne abandoned the plain meaning rule, on which this Court based its decision to deny the Motion to Dismiss as to the counts regarding the Patients' Bill of Rights (CGS § 17a-540 et seq.), and adopted what has been known as the Bender Rule, namely that ". . . the words of the statute, its legislative history and the circumstances surrounding its enactment, the legislative policy it was designed to implement, and its relationship to existing legislation and to common-law principles governing the same general subject matter . . ." should be considered beyond the language itself. However, the Court, also at page 563, stated: "We emphasize, moreover, that the language of the statute is the most important factor to be considered . . ." This Court decided that the word "facility" in the statute is, on its face, broad CT Page 4361 enough to include the facilities of the Department of Correction. It should be noted that the Supreme Court has defined "`facility' expansively to mean 'any inpatient or outpatient hospital, clinic . . .'" (Emphasis added). . . "Because the meaning is dependent upon the context and subject matter of the statute, it is apparent here that `any' means `all' or `every.'" Mahoney v. Lensink, 213 Conn. 548, 557-58 n. 13 (1990). "Because the Patients' Bill of Rights is remedial in nature, its provisions should be liberally construed in favor of the class sought to be benefited." Mahoney v. Lensink, 556. This Court still considers the language of the statute to clearly mean that any "facility" includes the Department of Correction, and that language of the statute is the most important factor to be considered. Courchesne, supra.
5. In Courchesne, the court stated: ". . . the more strongly the bare text of the language suggests a particular meaning, the more persuasive the extra textual sources will have to be in order for us to conclude that the legislature intended a different meaning." Therefore, the burden is upon the defendants to show that the legislative history clearly overcomes the plain language of the statute. The Court has reviewed the legislative history submitted by the defendants including the 1982 Fiscal Impact Statement, the testimony of Samuel Goldstein, the appendix to the 2000 Governor's Blue Ribbon Commission Report, and concludes that the legislative history is not sufficiently persuasive to overcome the plain language of the statute. The Court finds that there is nothing in the legislative history that is strong enough or persuasive enough for this Court to conclude that the Legislature had any meaning other than the plain language of the statute which this court has found to be expansive enough to include in the definition of facility the Department of Correction.
6. This Court does find persuasive the decision by the United States District Court for Connecticut that John Armstrong and other Department of Correction employees can be sued for violation of the Patients' Bill of Rights. Halloran, Administrator of the Estate of Timothy Perry v.Armstrong, No. 3:01 CV 582 (AVC) (Covello, J.). That court stated, on March 29, 2002, that "Therefore, the complaint states a cause of action under the Patients' Bill of Rights against the defendants in their individual capacities.
 CONCLUSION
This Court has articulated its reasons for its decision in light of the holdings in State v. Courchesne, supra. Further, for the foregoing reasons, the Defendants' Motion for Reconsideration (Reargument) is denied.
Rittenband, JTR CT Page 4362
[EDITORS' NOTE: This page is blank.] CT Page 4363